OGDENSBURGH, The (WARD v.). See Case No. 17,158.

## Case No. 10,462.

### OGLE et al. v. EGE.

[4 Wash. C. C. 584;[1] 1 Robb, Pat. Cas. 516.]

Circuit Court. D. Pennsylvania. April Term, 1826.

PATENTS—ASSIGNMENT—SUIT AT LAW BY ASSIGNEE—INJUNCTION.

1. Quære. Whether an assignee of part of a patent to be made, sold or used within a particular district, can maintain a suit at law? But he may in equity.

[Cited in Jenkins v. Greenwald, Case No. 7,-270.]

2. Cases in which, and terms on which injunctions in cases of alleged infringements of patent rights, are granted.

[Cited in Brooks v. Bicknell, Case No. 1,944; Woodworth v. Hall, Id. 18,017; Orr v. Littlefield, Id. 10,590; Allen v. Blunt, Id. 215; Brown v. Hinkley, Id. 2,012; Miller v. McElroy, Id. 9,581; Hussey v. Whitely, Id. 6,-950; Motte v. Bennett, Id. 9,884; Farmer v. Calvert Lithographing, etc., Co., Id. 4,-651.]

The plaintiffs [Ogle and Withero] filed their bill on the equity side of the court, setting forth that the plaintiff Ogle is the original inventor of a new and useful improvement in the plough, for which he obtained a patent in the year 1818. That in the year 1824, he,

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the supreme court of the United States, under the supervision of Richard Peters, Jr., Esq.]

by deed, and for a valuable consideration, assigned and conveyed to the other plaintiff all his exclusive right to the said invention, with the liberty of making, constructing, using, and vending the same to others to be used, in and throughout the state of Pennsylvania, with a power of attorney for those purposes. That the defendant has, since the date of the said patent, and also of the said assignment within the state of Pennsylvania, constructed, and used ploughs with the improvement so patented, and is still employed in making and using the same. The bill prays an injunction, which was granted at a former session of this court until answer or further order.

The defendant, without having put in an answer, now moved to dissolve the injunction for the following reasons. 1. Because a patent cannot be partially assigned, so as to enable the assignee to bring an action in his own name. Tyler v. Tuel, 6 Cranch [10 U. S.] 324; Whittemore v. Cutter [Case No. 17,600]. 2. Because the bill does not charge the possession of the invention by the plaintiffs. 1 Madd. Ch. Prac. 137. On the other side were cited, Gods. Pat. 169, 177; 2 Madd. 177; 1 Ves. Sr. 476.

C. J. Ingersoll, for defendant.

Mr. Read, for plaintiffs.

WASHINGTON, Circuit Justice. As to the first ground for dissolving the injunction, I shall content myself with observing. that whether an assignee of part of a patent, circumscribed as to the interest by local limits, can maintain a suit at law in his own name, or united with the patentee or not (a question unnecessary to be decided in this case); there can exist no doubt but that he may support a suit in equity to enjoin third persons from infringing the patent, and for an account.

2. I take the rule to be, in cases of injunctions in patent cases, that where the bill states a clear right to the thing patented, which, together with the alleged infringement, is verified by affidavit; if he has been in possession of it by having used or sold it in part, or in the whole, the court will grant an injunction, and continue it till the hearing or further order, without sending the plaintiff to law to try his right. But if there appear to be a reasonable doubt as to the plaintiff's right, or to the validity of the patent, the court will require the plaintiff to try his title at law; sometimes accompanied with an order to expedite the trial; and will permit him to return for an account in case the trial at law should be in his favour. Hill v. Thompson, 3 Mer. 622, cited in Eden. Inj. 260–262; 14 Ves. 132; 3 Mer. 624. 628; Coop. Eq. Prac. 158; 6 Ves. 707; 1 Madd. Ch. Prac. 113; 14 Ves. 130; Amb. 406; 1 Vern. 120; 2 Madd. 175; 3 Atk. 496; 3 Brown, Ch. 376. Now in this case. the patent was granted in 1818, and is on its face free from all exception. Six years after the issuing of the patent, the patentee,

for the consideration of $700 paid to him, sold and assigned to his co-plaintiff his right and title to the same within the state of Pennsylvania. This is therefore a strong case for retaining the injunction until the answer, or until the invalidity of the patent, or the want of title in the plaintiffs, is established at law. Motion overruled, with costs.